UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEBRA L. SHULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-3046 |
| | ) | |
| DEWITT COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendant's Motion to Dismiss (Motion) (d/e 6).  For the reasons that follow, Defendant's Motion is granted in part and denied in part.

I. BACKGROUND

On February 10, 2012, Plaintiff Debra L. Shull filed a four-count Complaint against Defendant DeWitt County.  See d/e 1.  Count I alleges a violation of Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e, et seq.), Count II alleges an equal protection claim

under the Fourteenth Amendment, Count III alleges false imprisonment, and Count IV alleges breach of contract.

On April 16, 2012, Defendant filed its Motion to Dismiss in which it argued that Counts I, III, and IV of the Complaint should be dismissed pursuant to Rule 12(b)(6). The Motion is fully briefed.

## II. JURISDICTION AND VENUE

The federal questions posed by Plaintiff's Title VII claim gives this Court subject-matter jurisdiction. See 28 U.S.C. §1331. The Court has jurisdiction over the state law claims pursuant to its supplemental jurisdiction. See 28 U.S.C. § 1367(a). Personal jurisdiction and venue requirements are satisfied because the relevant acts occurred in this judicial district. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "purposefully avail[ed] [himself or herself] of the privilege of conducting activities" in the forum state); see 28 U.S.C. §1391(b) (venue in non-diversity cases is proper in a judicial district where any defendant resides, if all defendants reside in the same State).

## III. ANALYSIS

### A. Legal Standard

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940 (2007). This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). While detailed factual allegations are not needed, a

"formulaic recitation of a cause of action's elements will not do."

Twombly, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d at 940.

Conclusory allegations are "not entitled to be assumed true." Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868, 885 (2009) (citing

Twombly, 550 U.S. 544 (2007)). "In ruling on Rule 12(b)(6) motions,

the court must treat all well-pleaded allegations as true and draw all

inferences in favor of the non-moving party." In re marchFIRST Inc.,

589 F.3d 901, 904 (7th Cir. 2009) (citing Tamayo, 526 F.3d at 1081).

B. Count I–Plaintiff's Title VII Claim

In Count I, Plaintiff alleges that from 1998 until February 10,

2011, she was employed by Defendant. On February 10, 2011, she

served in the position of Emergency Services Disaster Agency

Coordinator. She performed all of the essential function of her positions

with Defendant.

On February 10, 2011, Plaintiff attended the meting of the Public

Safety Committee of the County Board of the County of DeWitt (Public

Safety Committee). During this meeting, David Taylor, a member of the

Public Safety Committee, advised Plaintiff that her employment was going to be terminated as a result of her performance review. She was told to resign or be terminated. Plaintiff refused to resign and was thereafter terminated. According to the Complaint, this was in violation Defendant's personnel policies that set forth the procedure for termination.

Title VII makes it unlawful for an employer to discharge or discipline an employee because of that person's race or sex, among other grounds. 42 U.S.C. § 2000e. Title VII also forbids an employer from discriminating against an employee who has "opposed any practice" made unlawful by Title VII or who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

Plaintiff has not alleged that Defendant discriminated against her or that Defendant discharged her based on an animus prohibited by Title VII. Instead, Plaintiff has simply alleged that she was fired by Defendant in violation of the Defendant's personnel policies. Plaintiff

has not sufficiently alleged a claim under Title VII.

C.  Count III–Plaintiff's False Imprisonment Claim

The allegations in Plaintiff's state law false imprisonment claim are as follows.  On February 10, 2011, after the close of normal business hours, Plaintiff attended the meeting of the Public Safety Committee. During the course of the meeting, Taylor advised Plaintiff that her performance had been reviewed and that she was going to be required to resign or she would be terminated.  After informing Plaintiff of this, Taylor told Plaintiff that she needed to go to a room in the Defendant's facility and remain there until she was prepared to resign in writing. Taylor indicated to Plaintiff that she would not be allowed to leave Defendant's facility unless and until she signed a document stating that she was resigning her position with Defendant.  According to Plaintiff, Defendant, by and through the acts of Taylor, restrained and impaired Plaintiff's individual liberty to leave the premises of Defendant outside of ordinary business hours and under threat that, in the event she did leave without Taylor's permission, her employment with Defendant

would be terminated.  These actions violated Defendant's personnel regulations.

"A person commits false imprisonment when he or she unreasonably restrains another's liberty against his or her will."  <u>Carey v. K-Way, Inc.</u>, 728 N.E.2d 743, 746 (Ill. App. Ct. 2000).  The essential elements of a cause of action for false imprisonment are "that plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff."  <u>Meerbrey v. Marshall Field & Co.</u>, 564 N.E.2d 1222, 1231 (Ill. 1990).

> Voluntary consent to confinement nullifies a claim of false imprisonment.  (Citation omitted.)  Moreover, consent is not invalidated even if an employee is threatened with discharge.  (Citation omitted.) The restraint that results merely from a plaintiff's fear of losing his job or belief that he would be fired immediately if he left the room is insufficient as a matter of law to make out a claim of false imprisonment.  (Citation omitted.)  Furthermore, "it is not enough for the plaintiff to have felt 'compelled' to remain in the" room in which the false imprisonment allegedly occurred.  (Citation omitted.)

<u>Hanna v. Marshall Field & Co.</u>, 665 N.E.2d 343, 349 (Ill. App. Ct.

1996).

As stated above, Plaintiff has alleged that her liberty to leave the premises of Defendant was restrained by the threat that her employment would be terminated if she did so before resigning her job.  As stated in <u>Hanna</u>, the fear of losing a job is insufficient as a matter of law to make out a claim of false imprisonment.  Therefore, Count III, Plaintiff's false imprisonment claim, will be dismissed.

D.  Count IV–Plaintiff's Breach of Contract Claim

In Count IV of her Complaint, Plaintiff alleges that she was employed by Defendant from March 24, 1998, until February 10, 2011. Plaintiff accepted employment with the Defendant on the terms and conditions promised to her upon her hiring.  During her entire period of employment, Plaintiff was properly performing all the essential functions of her positions and performed her obligations under the personnel policies.  Also during the entire time of Plaintiff's employment, Defendant had personnel policies governing personnel matters, including but not limited to discipline of employees.  Plaintiff was required to sign

an acknowledgment of receipt of the policies. The policies contained standards of conduct, to which she adhered. Defendant violated the terms of its own policies setting forth the procedure for termination of employment. As a result of Defendant's breach, Plaintiff suffered damages for lost wages.

Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." Reger Development, LLC v. National City Bank, 592 F.3d 759, 764 (7th Cir. 2010) (quoting W.W. Vincent & Co. v. First Colony Life Ins. Co., 814 N.E.2d 960, 967 (2004)).

In a light most favorable to Plaintiff, Count IV alleges a claim for breach of contract. Her allegation that she accepted employment with the Defendant on the terms and conditions promised to her upon her hiring alleges the existence of a contract. Moreover, Plaintiff alleges Defendant's personnel policies are part of that contract. Plaintiff has

also alleged that she performed her obligations under the contract, that Defendant breached the contract by not following its own policies, and the she was damaged by Defendant's breach. This is sufficient to state a claim for breach of contract.

Defendant has argued that Plaintiff "fails to prove the existence of a valid and enforceable employment contract." However, at the pleading stage, the issue is not whether Plaintiff has proven the existence of a valid and enforceable contract. The issue is whether she has stated a claim for breach of contract. Accepting as true all well-pleaded allegations and drawing all inferences in the light most favorable to Plaintiff, this Court finds Plaintiff has plausibly stated a claim upon which relief can be granted. Therefore, Defendant's Motion to Dismiss Plaintiff's Count IV will be denied.

## III. CONCLUSION

THEREFORE, Defendant's Motion (d/e 20)is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED with respect to Counts I and III and those Counts are DISMISSED. The

Motion is DENIED with respect to Count IV. This matter is referred

back to Judge Cudmore for further pre-trial proceedings.

IT IS SO ORDERED.

ENTER: June 4, 2011.

      FOR THE COURT:

                                       s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                  United States District Judge